## Consolidation Coal Co. et al. v. Walters et al.

Oct. 12, 1943.

Edward C. O'Rear and Harry L. Moore for appellants.

Wheeler & Wheeler for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

For several years prior to September, 1937, Mitchell Walters was employed by the Consolidation Coal Company as a motorman in one of its mines. He left the Company's employ in September, 1937, and died in February, 1938. His widow and infant children filed an application for compensation with the Workmen's Compensation Board on the ground that Mitchell's death was caused by an accident arising out of and in the course of his employment, due to breathing a dangerous and destructive substance of the character and nature of silica dust. The case was heard by a Referee and he found for appellees on the ground that Mitchell had inhaled rock dust, which contained silica, and that his death resulted from silicosis. The Company appealed to the full Board and the finding of the Board was:

"Finding of Facts

"Mitchell Walters, the deceased, did not sustain an accident on September 11, 1937, nor prior thereto, aris-

ing out of and in the course of his employment, from which he died on February 23, 1938, by inhaling silica dust.

"Mitchell Walters died on February 23, 1938, from a malignant condition, carcinoma of the lung and liver, which was not a result of the inhalation of silica dust, either directly or indirectly.

"Rulings of Law

"The burden is upon plaintiff to show decedent came to his death as the result of the inhaling of silica dust.

"Where two or more theories are developed by the evidence, one of which will fix liability on the defendant, while the other will not, speculation is not permitted in order to afford a basis for recovery."

The appellees appealed to the Johnson Circuit Court and the ruling there was that the full Board opinion should be set aside and the Board should enter the opinion and award of the Referee.

Among the grounds urged for reversal by the Company is the proposition that: "The Findings of Fact as made by the Full Board and set out in its opinion of December 11, 1939, are sustained and supported by substantial and competent evidence of probative value and are therefore conclusive and the court was without power to disturb same." We believe this position to be well taken for the reasons hereinafter stated.

A few years prior to 1937 there had been an explosion in the mine where Mitchell worked. After the explosion the Company shipped rock dust to the mine for the purpose of spraying it therein to keep down and prevent explosions. This rock dust was described as having the appearance of cement or lime, and was spread in the main tunnel each night. Persons who worked in the mine testified the dust would be disturbed by passing trains and air currents, and would settle on equipment and their clothing. It was shown also that the Company had removed rock from its mine on several occasions and that the blasting and moving of the rock also created dust which would float through the mine for a considerable distance. Some employees were furnished with masks while working with the rock dust, but Mitchell and the other operators were not so furnished. Neither the rock dust nor the other dust referred to in the evidence

was analyzed for the purpose of determining whether or not it contained silica. The Referee disposed of this question in the following manner: "But it is not also shown the rock drilled, or fine stone sprayed in this mine did not contain silica, or that it did, as for that matter. However, we believe it is fair to presume that if it could have been shown that it did not contain silica, defendant would have attempted to show it. This was not done. Under these conditions, we also think it fair to conclude it did contain silica as that it did not, especially in view of our conclusion that decedent's illness was due to inhalation thereof." It is at once apparent that the Referee assumed a vital fact in favor of the appellees which they should have been called upon to support by proof.

All the evidence with regard to the condition of the mine was offered by the appellees. The Company confined its evidence to medical testimony. There was medical testimony to support the position of the appellees to the effect that Mitchell died of silicosis. One doctor so diagnosed his ailment in December before his death in the following February. This doctor said the autopsy made immediately after Mitchell's death confirmed his diagnosis. Other doctors testifying for the appellees made their diagnosis of silicosis following the autopsy. Dr. Hall, who had observed Mitchell in his hospital in December, 1937, and January, 1938, and who was present at the time of the autopsy, but took no part in it, finally testified that Mitchell died of adenocarcinoma, or cancer of the lungs and liver. Dr. Hall submitted specimens of Mitchell's lungs and liver to two prominent doctors. One of these doctors sent the results of his diagnosis to another recognized pathologist. All of the doctors who testified for the Company said that both Mitchell's liver, as well as his lungs, showed multiple nodules, composed of nests of adenocarcinoma cells. This evidence showed Mitchell died of cancer and not silicosis. There was proof also to the effect that silicosis develops only in the lungs and never in the liver. It is apparent, therefore, that there was ample evidence to support the findings of the Board to the effect that Mitchell did not die from silicosis, but rather "from a malignant condition, carcinoma of the lung and liver, which was not a result of the inhalation of silica dust, either directly or indirectly."

In the absence of fraud or mistake, a finding of fact by the Workmen's Compensation Board is conclusive

where it is supported by competent evidence of probative value. Yeager v. Mengal Co., 260 Ky. 156, 84 S. W. (2d) 6; Consolidation Coal Co. v. Marcum's Adm'r, 289 Ky. 220, 158 S. W. (2d) 150; and Black Mountain Corporation v. McGill, 292 Ky. 512, 166 S. W. (2d) 815. In the case before us there was no question of fraud or mistake, and there was ample evidence of probative value to support the Board's finding that silicosis did not cause Mitchell's death. Therefore, it was error for the trial court to set aside the Board's finding.

It follows that the judgment should be and it is reversed, with directions to set it aside, and for the entry of a judgment in conformity with this opinion.